*E-filed 2/6/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>XIOA FENG SHEN, et al.,<br><br>  Defendants.<br>_____/ | Case No. CR05-00715 JF (HRL)<br><br>ORDER GRANTING MOTIONS TO TAKE VIDEO DEPOSITIONS OF MATERIAL WITNESSES AND DENYING MOTIONS FOR FOREIGN DEPOSITIONS AFTER IMMEDIATE RELEASE<br><br>[Re: Miscellaneous Case Nos.:<br><br>CR05-90499 Misc. HRL<br>CR05-90500 Misc. HRL<br>CR05-90501 Misc. HRL<br>CR05-90502 Misc. HRL<br>CR05-90503 Misc. HRL<br>CR05-90504 Misc. HRL<br>CR05-90505 Misc. HRL<br>CR05-90506 Misc. HRL<br>CR05-90507 Misc. HRL<br>CR05-90512 Misc. PVT]<br><br>[Re: Docket Nos. 44, 51, 52, 53, 54, 58, 60, 65, 72, 86, 87] |

**I.   INTRODUCTION**

Detained material witnesses move this court pursuant to 18 U.S.C. § 3144 and Fed. R. Crim. P. 15, to order the immediate taking of their depositions and their release from custody.[1] Witnesses Jie Hua Huang and Chiu Lin Tsin further move, as a preferred alternative, as follows: (1) to allow the taking of their depositions in Taiwan; (2) to reconsider the court's earlier orders

---

[1] This order applies to the following Material Witnesses: Yu Ying Lin, Mei Ching Chien, Hui Chuin Wu, Jie Hua Huang, Wen Chi Chen, Xio Lin Lin, Pi Lien Chen, Yueh O. Huang, Chiu Lin Tsin, and Kyung Moon.

United States District Court
For the Northern District of California

to detain them as material witnesses; (3) for a hearing on the merits of whether they are truly material witnesses as defined by § 3144; and (4) for their immediate release. At least some of the defendants oppose the motions.[2] The United States filed a "Qualified Non-Opposition" to the motions. It does not oppose the taking of material witness depositions by the end of February, but it does oppose their immediate release from custody before their testimony is secured. The parties appeared for a hearing on the motion on February 1, 2006. Based on the papers submitted and the arguments of counsel, the court issues the following order.

## II.   BACKGROUND

Defendants Xiao Feng Shen, Yan Song, Ming Sun, Jia Jing Chu and Ai-Ching Chang are charged with harboring illegal aliens in violation of 8 U.S.C § 1324(a)(1)(A). On October 26, 2005, federal agents executed a search warrant in connection with the arrest of these defendants. Several women found at the location of the search were taken into custody by the Immigration and Customs Enforcement Agency. On November 1, 2005, this court issued material witness warrants for the arrest of the women. Two similar warrants were issued by Magistrate Judge Trumbull a few days later.

The warrant applications stated that the women qualified as material witnesses under 18 U.S.C § 3144 because (1) their testimony is material to a criminal proceeding; and (2) it may become impracticable to secure their presence by subpoena. Special Agent Van Dyke's affidavit in support of the warrants stated that the women were suspected of working as prostitutes for the defendants, that they may be illegally in the United States, and that their passports were found in Shen's possession.

The witnesses were not granted bond because deportation proceedings would have begun immediately. Instead, they were detained at halfway houses around the Bay Area, where they have been living under restrictive conditions since early November. At least one witness has since been allowed to reside with friends in the Los Angeles area.

---

[2] Only Ming Sun and Xiao Feng Shen formally oppose the motion. None of the defendants have filed any papers since the last hearing. At this hearing, no defense counsel claimed more time was needed to review discovery. Although there are nearly 10,000 pages of discovery in this case, the witness statements make up only 150 pages. The bulk of discovery consists of bank and phone records.

2

1  At the hearing on this motion, the court was informed that defendant Ming Sun had just
2  entered a guilty plea.  AUSA Torpoco and counsel for the other defendants represented that
3  they were also engaged in plea negotiations and that they anticipated resolution of the case
4  through plea bargains in the coming weeks.

### III. LEGAL STANDARD

The statute governing the detention of material witnesses, 18 U.S.C. § 3144, provides for the arrest of a material witness if "it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding and if it is shown that it may become impracticable to secure the presence of the person by subpoena."  But, the statute also limits the governments' ability to detain such a witness indefinitely:

> No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144.  Pursuant to Federal Rule of Criminal Procedure 15(a)(2), a material witness may make a motion requesting such a deposition:

> A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties.  The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.

The Ninth Circuit has held that, despite the permissive language of Fed. R. Crim. P. 15, upon a showing by the material witness that (1) her testimony can be adequately secured by deposition, and (2) that further detention is not necessary to prevent a failure of justice, "the district court *must* order [her] deposition and prompt release." *Torres-Ruiz v. United States District Court*, 120 F.3d 933, 935 (9th Cir. 1997) (emphasis in original), citing *Augilar-Ayala v. Ruiz*, 973 F.2d 411 (5th Cir. 1992).

Finally, the "alien harboring" statute under which the defendants have been charged, 8 U.S.C. 1324, explicitly contemplates the possibility that witnesses to the crime may be in the country illegally, and may not be available for testimony at trial:

3

> Notwithstanding any provision of the Federal Rules of Evidence, the videotaped . . . deposition of a witness to a violation of subsection (a) of this section who has been deported or otherwise expelled from the United States, or is otherwise unable to testify, may be admitted into evidence in an action brought for that violation if the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence.

8 U.S.C. § 1324(d).

## IV. DISCUSSION

### A.   Deposition and Release under 18 U.S.C. § 1344

The provisions of § 1344 and their application to this case are quite straight forward. Once a material witness is arrested, she may not be detained if her testimony can be "adequately secured by deposition and if further detention is not necessary to prevent a failure of justice." Release may be delayed for a reasonable period of time until the deposition can be taken. Here, the only barrier to the witnesses' deposition and release is the preparedness of defendants' counsel.[3] Counsel have now had a month to review all of the discovery in this case and should be adequately prepared to go forward with deposition. This court has been presented with no facts that support the continued detention of the material witnesses.

Moreover, many of the witnesses who have filed papers represent that they will leave contact information with their attorneys so that they can be interviewed in the future, and that they are willing to return to the United States to testify at trial.

Finally, case law supports the prompt release of detained witnesses because it is simply wrong to incarcerate someone who has not been charged with a crime. As the Fourth Circuit recognized,

> [H]umanitarian considerations alone demand that something be done to release [the material witnesses] from incarceration, when their only purpose for being incarcerated is to be witnesses. And whether they voluntarily flee after their depositions have been taken or whether INS deports them back to their countries of origin is beside the point.

---

[3] Some courts have attempted to separate out the Sixth Amendment Confrontation Clause issue of whether a witness's deposition will be admissible at trial from the § 3144 analysis. *See United States v. Lai Fa Chen*, 214 F.R.D. 578, 582 (N.D. Cal. 2003) ("[The admissibility of the deposition testimony at trial] is not before the court. The presiding district judge will ultimately decide the constitutional sufficiency of any proposed deposition testimony at trial."). However, common sense dictates that this consideration *should* come into play when evaluating whether the testimony of a witness can "adequately be secured by deposition." If the Confrontation Clause would prevent the admission of deposition testimony at trial, such testimony cannot be considered "adequately secured." This inquiry is presently before the court.

4

*United States v. Rivera*, 859 F.2d 1204, 1206 (4th Cir. 1988).

    **B.**    **Motions to Allow the Taking of Depositions in Taiwan and to Challenge the Designation of the Movants as Material Witnesses.**

These additional motions, brought by Jie Hua Huang and Chiu Lin Tsin, make creative legal arguments but are ultimately unconvincing.

These witnesses argue that the *ex parte* applications filed by the government to detain them as material witnesses were insufficient as a matter of law, because they did not allege that the government would be unable to secure their appearance for deposition in Taiwan. The witnesses cite the Mutual Legal Assistance Agreement (MLAA) between the United States and Taiwan as evidence that the government could, if necessary, get the assistance of the Taiwanese government in securing the witnesses' testimony.[4] They argue that the MLAA, together with the witnesses' assurances that they will be available for deposition in Taiwan, negate the court's finding that the witnesses meet the requirements of § 3144. Counsel further argue that the government has presented no evidence that the witnesses' testimony is truly material to the case.

This argument relies on a strained interpretation of § 3144. The statute has two parts. The first part lays out the elements needed to arrest a material witness: "it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding and if it is shown that *it may become impracticable to secure the presence of the person by subpoena*." The second part provides for the prompt release of a material witness "if the testimony of such witness can *adequately be secured by deposition*."

Movants' arguments condense these two parts into one. They argue that a person may only be arrested as a material witness if (1) her testimony is material and (2) it cannot be adequately secured by deposition. But this is not what the statute requires. Rather, the statute permits the arrest of a witness if securing the person's presence by subpoena would be impracticable. This standard was met by Agent Van Dyke's affidavit when it explained that the witnesses would be deported if released. United States subpoenas have no force of law in

---

[4] The MLAA does not have the force of a treaty because the United States and Taiwan do not have an official diplomatic relationship. The Agreement was entered between the American Institute in Taiwan and the Taipei Economic and Cultural Representative Office, the countries' unofficial diplomatic agencies.

5

Taiwan. The existence of the MLAA does not change that fact. Accordingly, securing the presence of a witness located in Taiwan by subpoena meets the threshold requirement of "impracticability."

Furthermore, § 3144 does not require an full evidentiary hearing to determine whether the statute applies in a particular case. Rather, only a showing by affidavit—what this court interprets as a "probable cause" standard—is required. This requirement has been satisfied in the present case and movants are not entitled to an evidentiary hearing on this issue.

**V.     ORDER**

Pursuant to the discussion above, the court grants the motions for the immediate taking of the material witness depositions, and orders that the depositions be completed by March 1, 2006. Once the witnesses have been deposed and have signed their deposition transcript, they may, on application, be released.

The court denies the motions for (1) an order to take depositions in Taiwan; (2) an order overturning the earlier order to detain them as material witnesses; (3) a hearing on the merits as to whether or not the witnesses are actually material witnesses; and (4) an order immediately releasing the material witnesses from custody.

If the remaining defendants in this case strike plea bargains with the government and resolve the underlying action before March 1, 2006, depositions of the material witnesses will obviously no longer be necessary. The court orders the parties to appear on February 15, 2006 at 1:30 p.m. to update the court on the status of defendants' plea negotiations.[5] If the case has been resolved, the government will orally move the court for an order quashing the material witness arrest warrants and for their immediate release. If the case has not been resolved, the court will address, if necessary, the actual scheduling of the depositions to be taken by March 1.

**IT IS SO ORDERED.**

Dated: 2/6/05                                          /s/ Howard R. Lloyd
                                                       HOWARD R. LLOYD
                                                       UNITED STATES MAGISTRATE JUDGE

---

[5]Appearances by defendants and material witnesses at the February 15, 2006 hearing are excused.

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2  Daniel Lee Barton       dbarton@nablaw.com, lstenson@nablaw.com
   Rommel Bondoc           sdm819@sbcglobal.net, cmcshane@sbcglobal.net
3  Barry L. Morris         barrymorris@mac.com
   Randy Sue Pollock       pollockesq@aol.com
4  Edward Torpoco          Edward.Torpoco@usdoj.gov, mae.chu@usdoj.gov
   Vicki H. Young          vickihyoung@yahoo.com
5  Marry E.Conn            mary@santa-cruz-law.com
   Michelle D. Spencer     michellespencer@lawyer.com
6  Jerry Fong              jf@careyandcareylaw.com
   Carleen. R. Arlidge     craatty@aol.com
7  Thomas J. Ferrito       ferritolaw@mindspring.com
   Peter Leeming           paleeming@sbcglobal.net
8  James Thompson          natjmt@earthlink.net

Tony Christensen
360 W. Hedding St.
San Jose, CA 95110

Geoffrey A. Braun
81 Devine St.
San Jose, CA 95110

Jack D. Gordon
Gordon & Faris
95 South Market Street, Suite 300
San Jose, CA 95113

Richard Peyton Pointer
Hinkle, Jachimowicz, Pointer & Mayron
2007 W. Hedding Street, #100
San Jose, CA 95128

Bruce C. Funk
46 West Santa Clara Street
San Jose, CA 95113

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  2/6/06

                                      /s/ RNR
                            Chambers of Magistrate Judge Lloyd